IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ALEKSANDR K.,

Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant.

Case No. 3:25-cv-01727-YY

OPINION AND ORDER

YOU, Magistrate Judge.

Plaintiff Aleksandr K.[1] seeks judicial review of the Commissioner's final decision denying Social Security disability benefits. Plaintiff asserts that the Administrative Law Judge (ALJ) improperly discounted the opinion of a state agency medical consultant. The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). With that standard of review applied, the Commissioner's decision is AFFIRMED.

**I. Standard Regarding Evaluation of Medical Opinion Evidence**

When evaluating medical opinion evidence for claims filed on or after March 27, 2017, ALJs must apply 20 C.F.R. § 404.1520c for Title II claims and 20 C.F.R. § 416.920c for Title

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the nongovernmental party in this case.

XVI claims. *Revisions to Rules Regarding the Evaluation of Medical Evidence* (*Revisions to Rules*), 82 Fed. Reg. 5844, *available at* 2017 WL 168819 (Jan. 18, 2017). Under these regulations, ALJs no longer "weigh" medical opinions, but rather determine which are most "persuasive." 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b). To that end, controlling weight is no longer given to any medical opinion. *Revisions to Rules*, 82 Fed. Reg. at 5867-68; *see also* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the Commissioner evaluates the persuasiveness of medical opinions based on (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(a), (c)(1)-(5), 416.920c(a), (c)(1)-(5).

The factors of "supportability" and "consistency" are considered to be "the most important factors" in the evaluation process. 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Supportability means the extent to which a medical source supports the medical opinion by explaining the "relevant . . . objective medical evidence." *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)(1)). Consistency means the extent to which a medical opinion is "consistent . . . with the evidence from other medical sources and nonmedical sources in the claim." *Id.* (citing 20 C.F.R § 404.1520c(c)(2)).

An ALJ must articulate how persuasive the ALJ finds the medical opinions and explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a), (b), 416.920c(a), (b); *see Tyrone W. v. Saul*, No. 3:19-CV-01719-IM, 2020 WL 6363839, at *7 (D. Or. Oct. 28, 2020). "The ALJ may but is not required to explain how other factors were considered, as appropriate, including relationship with the claimant (length, purpose, and extent

of treatment relationship; frequency of examination); whether there is an examining relationship; specialization; and other factors, such as familiarity with other evidence in the claim file or understanding of the Social Security disability program's policies and evidentiary requirements." *Linda F. v. Comm'r Soc. Sec. Admin.*, No. C20-5076-MAT, 2020 WL 6544628, at *2 (W.D. Wash. Nov. 6, 2020). However, ALJs are required to explain "how they considered other secondary medical factors [if] they find that two or more medical opinions about the same issue are equally well-supported and consistent with the record but not identical." *Tyrone W.*, 2020 WL 6363839, at *6 (citing 20 C.F.R. §§ 404.1520c(b)(2) and 404.1520c(b)(3)).

Furthermore, the court must continue to consider whether the ALJ's decision is supported by substantial evidence. *See Revisions to Rules*, 82 Fed. Reg. at 5852 ("Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision."); *see also* 42 U.S.C. § 405(g).

## II. Discussion

The ALJ found the opinion of state agency medical consultant Tammy Luoh, M.D., persuasive in part. Tr. 23. Dr. Luoh concluded that plaintiff was "limited to occasional reaching" in all directions due to "pain, [degenerative joint disease] and decreased ROM." Tr. 61. Although the ALJ determined that the overhead reaching limitation was "warranted given [plaintiff's] cervical degenerative disc disease," the ALJ found that the limitations to plaintiff's front and lateral reaching were inconsistent with the medical evidence in the record. Tr. 22-23 (citing Tr. 469, 710). Plaintiff contends that the ALJ failed to adequately address the supportability and consistency factors and that the ALJ "combine[d] the discussion of consistency and

supportability into two citations from the record with no explanation of how they're inconsistent with the opinion of Dr. Luoh." Pl. Br. 6.

Before addressing Dr. Luoh's opinion, the ALJ discussed the evidence concerning plaintiff's spine and elbow. Tr. 21-22. The ALJ found that plaintiff stopped working in January 2022 due to back pain, chest pain, hip pain, and numbness and pain in his right arm and right elbow. Tr. 21. Plaintiff injured his right elbow in March 2023. Tr. 22 (citing Tr. 324). X-rays of plaintiff's right elbow showed "moderate degenerative changes and possible small joint effusion." *Id*. In May 2023, electrodiagnostic testing showed that plaintiff had mild carpal tunnel syndrome and mild ulnar nerve entrapment, while a March 2024 MRI of plaintiff's thoracic spine showed multilevel degenerative disc disease. Tr. 22 (citing Tr. 309, 548). Plaintiff had right ulnar nerve decompression surgery in June 2024. Tr. 22 (citing Tr. 703 (providing that the surgery "treat[ed] his numbness and weakness")).

After "[l]ooking to all the pages of the ALJ's decision," the court concludes that the ALJ adequately considered the supportability and consistency factors. *Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022); *see also Andy v. Kijakazi*, No. 22-35934, 2023 WL 6620299 (9th Cir. Oct. 11, 2023) (applying *Kaufmann* to medical opinion evidence and holding that the ALJ adequately addressed supportability and consistency even though the factors were summarized "in one sentence"); *Wendt v. Kijakazi*, No. 23-35069, 2023 WL 8542737 (9th Cir. Dec. 11, 2023) (concluding that the ALJ did not err even though the ALJ's "reasons were not all articulated in one place").

With respect to supportability, the ALJ considered the objective evidence on which Dr. Luoh relied and found that the front and lateral reaching limitations were inconsistent with plaintiff's mild ulnar entrapment. Tr. 23 (citing Tr. 309, 710); *see Woods*, 32 F.4th at 791–92

(citing 20 C.F.R. § 404.1520c(c)(1) (providing that supportability means the extent to which a medical source supports the medical opinion by explaining the "relevant . . . objective medical evidence")). Substantial evidence supports that finding. The electrodiagnostic testing results cited by the ALJ show that plaintiff had "[n]o acute denervation" and that plaintiff's "right ulnar entrapment at the elbow" was mild. Tr. 309. Further, elsewhere in the opinion, the ALJ considered the electrodiagnostic testing results and plaintiff's imaging and concluded that plaintiff's "carpal tunnel syndrome and right elbow condition, now post-surgery in 2024, support limitation to . . . frequent reaching in front and laterally with the upper right extremity." Tr. 22. Although plaintiff disagrees with the ALJ's assessment of the electrodiagnostic testing results, if the evidence in the record is subject to more than one rational interpretation and the ALJ's interpretation is reasonable, this court must uphold the ALJ's conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

With respect to consistency, the ALJ found that Dr. Luoh's front and lateral reaching limitations were inconsistent with evidence that plaintiff's elbow range of motion had "improved." Tr. 23 (citing Tr. 710). As noted above, Dr. Luoh cited plaintiff's decreased range of motion as a basis for the front and lateral reaching limitations. Tr. 61. However, the ALJ found that Dr. Luoh's opinion was inconsistent with plaintiff's orthopedic surgeon's chart notes. Tr. 23 (citing Tr. 710). The surgeon indicated that in May 2024, before plaintiff's ulnar decompression surgery, plaintiff's "motion is already within a functional range" and that plaintiff had not experienced intermittent elbow locking since June 2023. Tr. 710. The surgeon further noted that "[w]e could always go back to treat the elbow arthritis should motion decrease, or the mid-range locking return." *Id.* Thus, substantial evidence supports the ALJ's finding that plaintiff's range of

motion had improved, and the ALJ reasonably concluded that the improved range of motion was inconsistent with Dr. Luoh's front and lateral reaching limitations.

Although plaintiff argues that the chart note "fails to properly reject the opinion of Dr. Luoh" because plaintiff proceeded with the ulnar nerve decompression surgery, Pl. Reply 7, plaintiff's decision to proceed with the surgery does not undermine the evidence that plaintiff's range of motion had improved. That is because the surgeon explained the surgery was intended to "decrease [plaintiff's] medial-sided elbow pain, improv[e] sensation, and prevent[ ] . . . further weakness in the hand" and that he could treat plaintiff's elbow in the future "should motion decrease." Tr. 710.

In sum, the ALJ adequately explained how Dr. Luoh's opinion regarding plaintiff's front and lateral reaching restrictions was unsupported and inconsistent with other information in the record.

**CONCLUSION**

The Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED November 23, 2026.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge